**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

DOETTA LIVINGSTON,

      Plaintiff,

v.

ALLIANCEONE RECEIVABLES MANAGEMENT, INC., a Delaware corporation,

      Defendant.

---

### COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.    This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3.    Venue is proper in this Judicial District.

4.    The acts and transactions alleged herein occurred in this Judicial District.

5.    The Plaintiff resides in this Judicial District.

6.    The Defendant transacts business in this Judicial District.

### PARTIES

7.    Plaintiff Doetta Livingston is a natural person.

8.    The Plaintiff resides in the City of Aurora, County of Arapahoe, State of Colorado.

9.      The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10.     The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11.     Defendant AllianceOne Receivables Management, Inc., is a Delaware corporation operating from an address at 4850 E. Street Road, Suite 300, Trevose, Pennsylvania, 19053.

12.     The Defendant's registered agent in the state of Colorado is The Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado 80202.

13.     The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14.     The Defendant is licensed as a collection agency by the state of Colorado.

15.     The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16.     The Defendant regularly attempts to collect debts alleged to be due another.

17.     The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS

18.     Sometime before 2011 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on personal account (hereinafter the "Account").

19.     The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20.     The Account went into default with the original creditor.

2

21.  After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

22.  The Plaintiff disputes the Account.

23.  The Plaintiff requests that the Defendant cease all further communication on the Account.

24.  The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

25.  The Defendant acted at all times mentioned herein through its employee(s).

26.  In the year prior to the filing of the instant action the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant made telephone call(s) to the Plaintiff and left voicemail message(s) for the Plaintiff.

27.  In the year prior to the filing of the instant action the Plaintiff called the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant in response to the telephone call(s) and voicemail message(s).

28.  The Defendant's purpose for these telephone call(s) and voicemail message(s) was to attempt to collect the Account.

29.  The telephone call(s) and voicemail message(s) each individually conveyed information regarding the Account directly or indirectly to the Plaintiff.

30.  The telephone call(s) and voicemail message(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

31.  The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant made telephone call(s) to the Plaintiff was to attempt to collect the Account.

32.  The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

33.  The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant received telephone call(s) from the Plaintiff was to attempt to collect the Account.

34.  The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant left voicemail message(s) for the Plaintiff was to attempt to collect the Account.

35.  In the year prior to the filing of the instant action the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account left voicemail message(s) for the Plaintiff that did not provide meaningful disclosure of the caller's identity pursuant to FDCPA 1692d(6) and that did not state that the communication was from a debt collector pursuant to FDCPA 1692e(11).

36.  On or about December 21, 2010 the Defendant left a voicemail message for the Plaintiff while attempting to collect the Account.

37.   The voicemail message left for the Plaintiff by the Defendant on or about December 21, 2010 stated: "Doetta Livingston, return this call to "Sheree" 866-385-0229."

38.   The voicemail message left for the Plaintiff by the Defendant on or about December 21, 2010 conveyed information regarding the Account directly or indirectly to the Plaintiff.

39.   The voicemail message left for the Plaintiff by the Defendant on or about December 21, 2010 constituted a "communication" as defined by FDCPA § 1692a(2).

40.   The voicemail message left for the Plaintiff by the Defendant on or about December 21, 2010 was left for the Plaintiff.

41.   The Defendant was not acquiring location information on the Plaintiff when it left the voicemail message for the Plaintiff on or about December 21, 2010.

42.   The Defendant made an audio recording of the voicemail message it left for the Plaintiff on or about December 21, 2010.

43.   The Defendant has a copy and/or copies of the audio recording of the voicemail message it left for the Plaintiff on or about December 21, 2010.

44.   On or about January 5, 2011 the Defendant left a voicemail message for the Plaintiff while attempting to collect the Account.

45.   The voicemail message left for the Plaintiff by the Defendant on or about January 5, 2011 stated: "Doetta Livingston, return call to "Carly Campbell" number is 866-385-0229."

46.    The voicemail message left for the Plaintiff by the Defendant on or about January 5, 2011 conveyed information regarding the Account directly or indirectly to the Plaintiff.

47.    The voicemail message left for the Plaintiff by the Defendant on or about January 5, 2011 constituted a "communication" as defined by FDCPA § 1692a(2).

48.    The voicemail message left for the Plaintiff by the Defendant on or about January 5, 2011 was left for the Plaintiff.

49.    The Defendant was not acquiring location information on the Plaintiff when it left the voicemail message for the Plaintiff on or about January 5, 2011.

50.    The Defendant made an audio recording of the voicemail message it left for the Plaintiff on or about January 5, 2011.

51.    The Defendant has a copy and/or copies of the audio recording of the voicemail message it left for the Plaintiff on or about January 5, 2011.

52.    On or about February 27, 2011 the Defendant left a voicemail message for the Plaintiff while attempting to collect the Account.

53.    The voicemail message left for the Plaintiff by the Defendant on or about February 27, 2011 stated: "This is for Doetta Livingston, return call to Melissa at 866-385-0229 Thank you."

54.    The voicemail message left for the Plaintiff by the Defendant on or about February 27, 2011 conveyed information regarding the Account directly or indirectly to the Plaintiff.

55.   The voicemail message left for the Plaintiff by the Defendant on or about February 27, 2011 constituted a "communication" as defined by FDCPA § 1692a(2).

56.   The voicemail message left for the Plaintiff by the Defendant on or about February 27, 2011 was left for the Plaintiff.

57.   The Defendant was not acquiring location information on the Plaintiff when it left the voicemail message for the Plaintiff on or about February 27, 2011.

58.   The Defendant made an audio recording of the voicemail message it left for the Plaintiff on or about February 27, 2011.

59.   The Defendant has a copy and/or copies of the audio recording of the voicemail message it left for the Plaintiff on or about February 27, 2011.

60.   On or about March 7, 2011 the Defendant left a voicemail message for the Plaintiff while attempting to collect the Account.

61.   The voicemail message left for the Plaintiff by the Defendant on or about March 7, 2011 stated: "Message is intended for Doetta. Doetta Livingston please return call to "Stacy Ann" at 866-385-0229. Thank you."

62.   The voicemail message left for the Plaintiff by the Defendant on or about March 7, 2011 conveyed information regarding the Account directly or indirectly to the Plaintiff.

63.   The voicemail message left for the Plaintiff by the Defendant on or about March 7, 2011 constituted a "communication" as defined by FDCPA § 1692a(2).

64.     The voicemail message left for the Plaintiff by the Defendant on or about March 7, 2011 was left for the Plaintiff.

65.     The Defendant was not acquiring location information on the Plaintiff when it left the voicemail message for the Plaintiff on or about March 7, 2011.

66.     The Defendant made an audio recording of the voicemail message it left for the Plaintiff on or about March 7, 2011.

67.     The Defendant has a copy and/or copies of the audio recording of the voicemail message it left for the Plaintiff on or about March 7, 2011.

68.     In the year prior to the filing of the instant action the Defendant while attempting to collect the Account caused the Plaintiff's telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass the Plaintiff.

69.     Upon information and belief the Defendant kept written documentation and / or computer record(s) that document telephone call(s) to the Plaintiff on the Account in the year prior to the filing of the instant action.

70.     Upon information and belief the Defendant kept written documentation and / or computer record(s) that document telephone call(s) from the Plaintiff to the Defendant on the Account in the year prior to the filing of the instant action.

71.     Upon information and belief the Defendant made audio recording(s) of some of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

72.   Upon information and belief the Defendant made audio recording(s) of all of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

73.   Upon information and belief the Defendant has a copy or copies of the audio recording(s) of some of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

74.   Upon information and belief the Defendant has a copy or copies of the audio recording(s) of all of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

75.   Upon information and belief the Defendant's copies of the audio recording(s) of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action substantiate the Plaintiff's allegations in this action.

76.   Upon information and belief the Defendant made audio recording(s) of some of the voicemail message(s) it left for the Plaintiff in the year prior to the filing of the instant action.

77.   Upon information and belief the Defendant made audio recording(s) of all of the voicemail message(s) it left for the Plaintiff in the year prior to the filing of the instant action.

78.   Upon information and belief the Defendant has a copy or copies of the audio recording(s) of some of the voicemail message(s) it left for the Plaintiff in the year prior to the filing of the instant action.

79.     Upon information and belief the Defendant has a copy or copies of all of the voicemail message(s) it left for the Plaintiff in the year prior to the filing of the instant action.

80.     Upon information and belief the Defendant's copies of the audio recording(s) of the voicemail message(s) it left for the Plaintiff in the year prior to the filing of the instant action substantiate the Plaintiff's allegations in this action.

81.     The Defendant and its representative(s), employee(s) and / or agent(s) action(s) constitute harassment or abuse and violate FDCPA 1692d(5) and d(6).

82.     The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute false and misleading representation(s) and mean(s) and violate FDCPA 1692e preface and e(11).

83.     The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

84.     The FDCPA is a "strict liability statute," and Plaintiff need only "show one violation of its provisions to be entitled to judgment in her favor." Ellis v. Cohen & Slamowitz, LLP, 701 F.Supp. 2d 215, 219 (N.D.N.Y. 2010).

85.     As a consequence of the Defendant's collection activities and communication(s), the Plaintiff is entitled to damages pursuant to FDCPA 1692k(a).

**RESPONDEAT SUPERIOR**

86.     The representative(s) and / or collector(s) at the Defendant were employee(s) of the Defendant at all times mentioned herein.

87.     The representative(s) and / or collector(s) at the Defendant were agent(s) of the Defendant at all times mentioned herein.

88.     The representative(s) and / or collector(s) at the Defendant were acting within the course of their employment at all times mentioned herein.

89.     The representative(s) and / or collector(s) at the Defendant were acting within the scope of their employment at all times mentioned herein.

90.     The representative(s) and / or collector(s) at the Defendant were under the direct supervision of the Defendant at all times mentioned herein.

91.     The representative(s) and / or collector(s) at the Defendant were under the direct control of the Defendant at all times mentioned herein.

92.     The actions of the representative(s) and / or collector(s) at the Defendant are imputed to their employer, the Defendant.

93.     As a direct and proximate result of the aforesaid actions, the Plaintiff is entitled to damages pursuant to FDCPA 1692k(a).

## COUNT I, FDCPA VIOLATION

94.     The previous paragraphs are incorporated into this Count as if set forth in full.

95.     The act(s) and omission(s) of the Defendant and its representative(s), employee(s) and / or agent(s) violated the FDCPA, § 1692d(5), d(6), § 1692e preface, e(11) and § 1692f preface.

96.     Pursuant to FDCPA section 1692k the Plaintiff is entitled to damages, reasonable

attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7.,

Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1.    A finding that the Defendant violated the FDCPA and/or an admission from the

      Defendant that it violated the FDCPA.

2.    Damages pursuant to 15 U.S.C. § 1692k(a).

3.    Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4.    Such other and further relief as the Court deems just and proper.

                              Respectfully submitted,

                              _s/ David M. Larson     _____
                              David M. Larson, Esq.
                              405 S. Cascade Avenue, Suite 305
                              Colorado Springs, CO 80903
                              (719) 473-0006
                              Attorney for the Plaintiff